Submitted on record and briefs March 3, reversed and remanded June 14, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM CALVIN WILLIAMS, JR.,
*Appellant.*

## 03FE0194MA; A124817

136 P3d 1201

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

Defendant appeals a judgment of conviction for one count of possession of a controlled substance. ORS 475.992 (2003), *amended by* Or Laws 2005, ch 708, § 39. He assigns error to the trial court's denial of his motion to suppress evidence obtained during a traffic stop.

Defendant was the driver of a truck that was stopped for a traffic violation. The officer who stopped the vehicle asked for, and obtained, defendant's identification. The officer retained the identification and ran a records check, which revealed that defendant was "a corrections offender with status of post-prison supervision for manufacture and delivery of methamphetamine, and failing to appear." Without returning defendant's license, the officer asked defendant to move his vehicle so that the officer could ask defendant additional questions.[1] Defendant complied. The officer then asked defendant a series of questions, including when he had last used methamphetamine, whether he had failed any urinalysis tests while on postprison supervision, and how he used methamphetamine. The officer also asked to see defendant's arms, which revealed recent injection wounds. Defendant, at the officer's request, also produced a syringe, which the officer determined had methamphetamine residue on the needle. After examining the needle, the officer handcuffed defendant and placed him in the patrol car while waiting for backup. After backup arrived, defendant's truck was searched and several "chunks" of methamphetamine were discovered. Defendant was then read his rights and placed under arrest.

Defendant argues, among other things, that the officer impermissibly expanded the scope of the traffic stop by instructing him to move his truck so that the officer could continue his investigation by asking defendant questions that were unrelated to the traffic infraction. Defendant further argues that the officer exploited that stop by obtaining the syringe from the vehicle.[2] The state, citing *State v.*

---

[1] Defendant stopped by pulling his truck into a gas station. The officer asked defendant to move the truck in such a way as not to block the gas pumps.

[2] Defendant also urges us to revisit our decision in *State v. Amaya*, 176 Or App 35, 44, 29 P3d 1177 (2001), in which we rejected the defendant's claim that strict

*Boatman*, 185 Or App 27, 34, 57 P3d 918 (2002), concedes that the officer's questions and requests had the effect of extending the duration of the stop in a way that violated Article I, section 9. Citing *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), the state further concedes that, although defendant may have voluntarily consented to give the officer the syringe, his consent was obtained through exploitation of the unlawful stop. We agree and accept the state's concession.

Reversed and remanded.

---

subject matter limitations apply to any questions asked during a traffic stop. We decline defendant's invitation to reexamine *Amaya*.